UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:19-cv-63035

JOHN LUCA, individually and on behalf
of all those similarly situated,

    Plaintiff,

v.                                           **COMPLAINT – CLASS ACTION**

KUDULIS, REISINGER, AND PRICE, LLC,

    Defendant.

_____/

**CLASS ACTION COMPLAINT SEEKING
INJUNCTIVE RELIEF AND STATUTORY DAMAGES**

Plaintiff JOHN LUCA ("Plaintiff"), individually and on behalf of all those similarly situated, sues Defendant KUDULIS, REISINGER, AND PRICE, LLC ("Defendant") for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Fla. Stat. § 559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA").

**1.**     **JURISDICTION AND VENUE**

1.     Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C § 1331, and 28 U.S.C § 1337. Further, and with respect to all counts, jurisdiction of this Court also arises under 28 U.S.C. § 1332(d), as the total amount in controversy exceeds five million dollars ($5,000,000.00) exclusive of interest and costs.

2.     Venue in this District is proper because Plaintiff resides here, Defendant transacts business here, and the complained conduct of Defendant occurred here.

**2.     PARTIES**

3.     Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

4.     Defendant is a Alabama limited liability company, with its principal place of business located in Birmingham, Alabama.

5.     Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

6.     At all times material, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

**3.     DEMAND FOR JURY TRIAL**

7.     Plaintiff is entitled to, and hereby respectfully demands, a trial by jury on all alleged counts and any issues so triable.

**4.     ALLEGATIONS**

8.     On a date better known by Defendant, Defendant began attempting to collect a debt (the "Consumer Debt") from Plaintiff.

9.     The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between Plaintiff and South Atlantic Federal Credit Union, the creditor of the consumer debt (the "Creditor"), involving a line-of-credit afforded to Plaintiff by the Creditor for Plaintiff's personal use and benefit (the "Subject Service").

10.     The Subject Service was primarily for personal, family, or household purposes.

11.     Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

PAGE | 2 of 9

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14. On a date better known to Defendant, Defendant sent a collection letter, internally dated October 30, 2019, to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "A."

15. The Collection Letter is a communication from Defendant to Plaintiff in connection with the collection of a debt.

16. The Collection Letter is an action to collect a debt by Defendant.

17. Defendant is an entity required to register as a consumer collection agency with the Florida Department of State, *as per* Fla. Stat. § 559.553(1), to lawfully collect consumer debts from Florida consumers.

18. Defendant does not maintain all the records specified in Rule 69V-180.080, Florida Administrative Code.

19. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are not current to within one week of the current date.

20. Defendant has never registered, or otherwise been licensed, to collect consumer debts from Florida consumers in accordance with Fla. Stat. § 559.553.

21. Defendant does not fall within any of the exemptions contained within Fla. Stat. § 559.553(3).

22. Defendant cannot legally collect, or attempt to collect, the Consumer Debt from Plaintiff without first registering, and thereafter maintaining, a valid consumer collection agency license in accordance with Fla. Stat. §§ 559.553(1) & (2).

PAGE | **3** of **9**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

23. Defendant's collection activities against Plaintiff constitute a criminal misdemeanor under Florida law. *See* Fla. Stat. § 559.785.

**5. <u>CLASS ALLEGATIONS</u>**

24. This action is brought on behalf of the following two classes: the "FDCPA Class" and the "FCCPA Class."

25. The "**FDCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant mailed a letter to **[3]** in an attempt to collect a consumer debt **[4]** while Defendant was not registered or otherwise in possession of a valid consumer collection agency license from and/or with the Florida Department of State **[5]** during the twelve (12) months preceding the filing of this Complaint.

26. The "**FCCPA Class**" consists of: **[1]** all persons with Florida addresses **[2]** that Defendant mailed a letter to **[3]** in an attempt to collect a consumer debt **[4]** while Defendant was not registered or otherwise in possession of a valid consumer collection agency license from and/or with the Florida Department of State **[5]** during the twenty-four (24) months preceding the filing of this Complaint.

27. Plaintiff alleges, on information and belief, each class is so numerous that joinder of all members is impracticable because Defendant has dispatched thousands of identical letters to addresses in Florida in an attempt to collect a consumer debt while Defendant was without a valid consumer collection agency license from and/or with the Florida Department of State.

5.1 <u>EXISTENCE AND PREDOMINANCE OF COMMON QUESTIONS OF LAW & FACT</u>

28. Common questions of law and fact exist as each of the proposed classes and otherwise predominate over any issues involving only individual class members.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

29. The factual issues common to the FDCPA and FCCPA Class are whether members received a letter from Defendant, whether said letter attempts to collect a consumer debt, whether Defendant was required to register as a consumer collection agency with the Florida Department of State, and whether Defendant failed to register as such.

30. The principal legal issue for the FDCPA and FCCPA Class is whether Defendant, by mailing a collection letter to a Florida consumer in an attempt to collect a consumer debt while Defendant was not validly registered as a consumer collection with the Florida Department of State, violated § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA.

31. The principal legal issue for the FCCPA Class is whether Defendant, by violating the FDCPA as proscribed above, Defendant violated § 559.72(9) of the FCCPA.

32. Excluded from the class is Defendant's agents and employees, Plaintiff's attorney(s) and their employees, the Judge to whom this action is assigned, and any member of the Judge's staff and immediate family.

5.2   TYPICALITY

33. Plaintiff's claims are typical of the claims of each class member and are based on the same facts and legal theories.

5.3   ADEQUACY

34. Plaintiff is an adequate representative of each of the classes.

35. Plaintiff will fairly and adequately protect the interests of the classes.

36. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA, FCCPA, TCPA, and consumer-based class actions. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them (Plaintiff or Plaintiff's counsel) to not vigorously pursue this action.

5.4     PREDOMINANCE AND SUPERIORITY

37.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(a)     The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(b)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate, *in that*, Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole. Plaintiff request certification of a hybrid class under Rule 23(b)(3) for monetary damages and to Rule 23(b)(2) for injunctive and equitable relief.

## *COUNT I.*
## **VIOLATION OF 15 U.S.C. § 1692e, e(2)(A), e(5), & § 1692e(10)**

39.     On behalf of the FDCPA Class, Plaintiff incorporates by reference paragraphs 1-38 as though fully set forth herein.

40.     Defendant is liable to Plaintiff and the FDCPA Class for attempting to collect consumer debts from Florida consumers without first registering and, thereafter, maintaining a valid consumer collection agency license in accordance with Florida law. Fla. Stat. § 559.553.

41.     Here, Defendant mailed the Collection Letter to Plaintiff in an attempt to collect the Consumer Debt, and in so doing, Defendant engaged in activity which Florida requires licensure to be valid and otherwise lawful; however, at all times relevant, Defendant was not registered as a consumer collection agency with the Florida Department of State, as required by Fla. Stat. § 559.553.

42. Defendant's failure to obtain a consumer debt collection license, as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida violates 15 U.S.C § 1692e & e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

43. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violates 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the underlying debt.

44. Defendant's failure to obtain a consumer collection agency license, as mandated by Florida Statutes § 559.553, while attempting to collect consumer debts from Florida consumers is a violation of 15 U.S.C § 1692e(5) because the Collection Letter is a threat to take action that cannot legally be taken. For example, the Collection Letter causes the least sophisticated consumer to believe that Defendant may lawfully collect *or even attempt to collect* the Consumer Debt when, in reality, Defendant had no such authority or lawful ability.

45. WHEREFORE, Plaintiff, individually and on behalf of the FDCPA Class, requests the Court enter judgment in favor of Plaintiff and the FDCPA Class and against Defendant for:

(a) Statutory damages, as provided under 15 U.S.C. §1692k;

(b) Costs and attorneys' fees, as provided by 15 U.S.C. §1692k; and

(c) Such other or further relief as the Court deems proper.

### *COUNT II.* <br> **VIOLATION OF FLA. STAT. § 559.72(9)**

46. On behalf of the FCCPA Class, Plaintiff incorporates by reference paragraphs 1-45 as though fully set forth herein.

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

47. Pursuant to § 559.72(9) of the FCCPA, in collecting consumer debts, no person shall: "*[c]laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.*" Fla Stat. § 559.72(9) (emphasis added).

48. Here, as stated above, by mailing the Collection Letter to Plaintiff, Defendant engaged in collection activity that Florida law requires licensure. Fla. Stat. §§ 559.553(1) & (2), and at all times material hereto, Defendant was not validly registered as a consumer collection agency with the Florida Department of State. Defendant knew it was required to register as a consumer collection agency to lawfully collect or attempt to collect consumer debts from Florida consumers, and Defendant knew did not possess or otherwise maintain a valid consumer collection agency license with the Florida Department of State when it (Defendant) mailed collection letters to Florida consumers. As such, by and through the collection letters it (Defendant) mailed to Florida consumers in an attempt to collect a debt, Defendant violated Fla. Stat. § 559.72(9) because Defendant was asserting the existence of a legal right, *namely*, the ability to lawfully collect or attempt to collect the underlying debt, when Defendant knew it (Defendant) had no such right.

49. WHEREFORE, Plaintiff, individually and on behalf of the FCCPA Class, requests the Court enter judgment in favor of Plaintiff and the FCCPA Class and against Defendant for:

(a) Statutory damages, as provided under Fla. Stat. § 559.7(2);

(b) Attorney's fees, litigation expenses and costs of the instant suit, as provided under Fla. Stat. §559.77(2);

(c) An injunction prohibiting Defendant from engaging in further collection activities directed at Plaintiff that are in violation of the FCCPA; and

(d) Such other or further relief as the Court deems proper.

DATED: December 10, 2019

                                                Respectfully Submitted,

                                               /s/ Jibrael S. Hindi
                                             **JIBRAEL S. HINDI, ESQ.**
                                             Florida Bar No.: 118259
                                             E-mail:    jibrael@jibraellaw.com
                                             **THOMAS J. PATTI, ESQ.**
                                             Florida Bar No.: 118377
                                             E-mail:    tom@jibraellaw.com
                                             The Law Offices of Jibrael S. Hindi
                                             110 SE 6th Street, Suite 1744
                                             Fort Lauderdale, Florida 33301
                                             Phone:     954-907-1136
                                             Fax:        855-529-9540

                                             *COUNSEL FOR PLAINTIFF*

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com